

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2003

# USA v. Boyer

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Boyer" (2003). *2003 Decisions*. Paper 203.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/203

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4291

UNITED STATES OF AMERICA

v.

DEONDRE BOYER,

Appellant

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 02-cr-00022)
District Judge: Honorable Joseph J. Farnan

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2003

Before: ALITO, BARRY and AMBRO, Circuit Judges

( filed October 16, 2003)

OPINION

AMBRO, Circuit Judge

Deondre Boyer appeals his conviction under 18 U.S.C. § 922(g)(1) as a felon in

possession of a firearm on sufficiency of the evidence grounds.  He was convicted after a

two-day jury trial in the United States District Court for the District of Delaware. Post-trial, Boyer filed a motion for judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. This motion was denied, and Boyer timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] For the reasons set forth below, we affirm the District Court's denial of Boyer's acquittal motion.

## I. Factual Background

At approximately 3:00 a.m. on January 24, 2002, residents of Brookmont Farms, a community in New Castle County, Delaware, called the New Castle County Police and reported hearing multiple gunshots. One of the callers was Boyer's next-door neighbor, Renita Wilson. Shortly after hearing the gunshots, Ms. Wilson called 911 and told the operator that she could see an African-American male holding a gun in the air and talking on his cellular phone in Boyer's front yard. Ms. Wilson also told the 911 operator she believed the person was Boyer.

Police officers arrived at Brookmont Farms within minutes of the 911 calls. Officers searched the area both on foot and in vehicles, but no non-police activity or individuals were observed. After searching the area, police interviewed Ms. Wilson at her front door. During the interview, Boyer exited his residence and Ms. Wilson identified him as the person who had been holding the gun. Boyer was immediately

---

[1]  Boyer's brief states that his appeal is pursuant to 18 U.S.C. § 3742. However, this section applies only to alleged errors in sentencing, a subject matter not at issue in this case. We thus deem Boyer's appeal to be under 28 U.S.C. § 1291.

arrested. A search of his front yard recovered five .45 caliber shell casings. In the back yard, inside a side panel of a central air-conditioning unit, officers found a .45 caliber handgun. Ballistic examinations confirmed that the shell casings recovered from Boyer's front yard were fired from the gun recovered from his back yard.

In addition, cellular phone records introduced at trial indicate Boyer made several calls at the same time Ms. Wilson observed someone in Boyer's front yard speaking on a cell phone. Some of those calls were made to a phone number belonging to Preston Lum, a friend of Boyer's.

At trial, however, Ms. Wilson testified that she was only "assuming" when she told the 911 operator and police officers that she thought it was Boyer holding the gun. Ms. Wilson further testified at trial that, upon further consideration, Boyer "probably" was not the individual she saw outside with the gun.

## II. Discussion

We have plenary review of a district court's granting or denying a post-verdict motion for judgment of acquittal. United States v. Smith, 294 F.3d 473, 477 (3d Cir. 2002). We shall sustain a guilty verdict "if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision . . . . We do not weigh evidence or determine the credibility of witnesses in making this determination." United States v. Beckett, 208 F.3d 140, 151 (3d Cir. 2000) (citations omitted). We examine the "totality of the evidence, both direct and circumstantial," and must credit "all

3

available inferences in favor of the government." <u>United States v. Gambone</u>, 314 F.3d 163, 170 (3d Cir. 2003) (citations omitted).  An appellant challenging a criminal conviction on the sufficiency of the evidence faces a "very heavy burden." <u>United States v. Anderskow</u>, 88 F.3d 245, 251 (3d Cir. 1996) (quotations omitted).  Moreover, whether this Court would reach the same conclusion as the jury is irrelevant.

Boyer attacks the sufficiency of the evidence on several grounds.  He notes that the gun was never tested for fingerprints and his clothing or hands were never checked for gunshot residue.  Primarily, though, Boyer relies on the trial testimony of Ms. Wilson.  At trial, she testified that she could not see Boyer's face because it was dark.  She also testified to the effect that, upon further consideration of the height and clothes of the person she observed, the person outside holding the gun probably was not Boyer.

Substantial evidence nonetheless exists to uphold the jury's verdict.  Ballistic testing matched the gun casings with the gun hidden in the air conditioning unit in Boyer's back yard.  In addition, Boyer's back yard is fenced-in.  Both of these facts make it unlikely that someone else fired the shots and planted the gun in Boyer's back yard.  Cellular phone records also indicate Boyer's phone was used to make calls around 3:00 a.m. (a fact somewhat unusual in itself) and that several of the calls were made to a friend of Boyer's.  The individual Ms. Wilson observed in Boyer's front yard was talking on a cell phone and waving a gun.  The logical inference is that the person she saw was indeed Boyer.  This circumstantial evidence (more so than Ms. Wilson's later recantation

4

at trial) supports her identification of Boyer to the 911 operator and the police officer the night of the incident.

The jury had the opportunity to make determinations of credibility and weigh the evidence in this case. "A jury is free to believe part of a witness' testimony and disbelieve another part of it." United States v. Boone, 279 F.3d 163, 189 (3d Cir. 2002). Jurors could properly conclude that Ms. Wilson's initial identifications of Boyer were more reliable than her later expressions of uncertainty. They could also weigh the presence of ballistic testings and the cell phone records more heavily than the absence of any fingerprint or gunshot residue testing. The bottom line is that substantial evidence supports the jury's verdict.

\* \* \* \* \*

In this context, we affirm the District Court's denial of Boyer's acquittal motion.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro
Circuit Judge

5